**Keith R. BEEMAN, et al., Plaintiffs,**

v.

**MBANK HOUSTON, N.A., Defendant.**

**Civ. A. No. H–88–1073.**

United States District Court,
S.D. Texas,
Houston Division.

July 7, 1988.

John M. Zukowski, Houston, Tex., for plaintiffs.

Linda Addison, Houston, Tex., for defendant.

### MEMORANDUM ON REMAND

HUGHES, District Judge.

■ Keith Beeman's claim for usury is governed by the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86, entitling MBank to remove this suit to federal court. C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3571 at 180 (1985). The sections of the National Bank Act that specify the usury limitations applicable to nationally chartered banks are congressional regulatory provisions and are cognizable in federal courts under 28 U.S.C. § 1337. *Cosgrove v. First & Merchants National Bank*, 68 F.R.D. 555 (E.D.Va.1975). Section 86 provides that in cases where usurious interest is charged, recovery may be had against a

national bank in double the amount of interest paid and it sets a two-year period within which the action for recovery must be commenced. Congress has thus imposed on national banks a penalty provision that may be different from those imposed by the individual states or state banks in two significant ways. *Burns v. American National Bank and Trust Company,* 479 F.2d 26 (8th Cir.1973). This court is not divested of jurisdiction because the resolution of Beeman's usury claim requires the application of a state usury statute.

Beeman's motion to remand this case to state court will be denied.