**M. NAHAS & CO., INC., Appellant,**

v.

**FIRST NATIONAL BANK OF HOT SPRINGS, Appellee.**

No. 90–2102.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1991.

Decided April 10, 1991.

Donald M. Spears, Malvern, Ark., for appellant.

Michael S. McCrary, Hot Springs, Ark., for appellee.

Before ARNOLD and LOKEN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

LOKEN, Circuit Judge.

Plaintiff M. Nahas & Co., Inc. appeals from a district court[1] order dismissing its complaint that sought to recover from defendant First National Bank of Hot Springs, a national bank, interest paid in excess of the maximum lawful rate under Arkansas law, together with the usury penalty provided in Art. 19, § 13 of the Arkansas Constitution. The district court held that plaintiff's usury claim against a national bank must necessarily be characterized as federal, that defendant had properly removed the case from state court, and that plaintiff's action was barred by the two year statute of limitations for usury actions under the National Bank Act, 12 U.S.C. § 86. We affirm.

On November 19, 1982, plaintiff borrowed $400,000 from defendant at an initial interest rate of 14.5%. The loan including all interest was repaid in full in February 1987. Plaintiff commenced this action in state court in February 1990, alleging that the interest charged from June 1985 until August 1986 was usurious under Arkansas law. Thus, it is conceded that plaintiff's claim is time-barred if governed by the two year federal statute of limitations. However, plaintiff argues that its suit is under state law and is governed by an Arkansas five year statute of limitations, and that in any event defendant improperly removed this action. We disagree.

---

1. The Hon. Oren Harris, United States Senior District Judge, Western District of Arkansas, 739 F.Supp. 1338.

## I.

"National banks are brought into existence under federal legislation, are instrumentalities of the Federal Government and are necessarily subject to the paramount authority of the United States. Nevertheless, national banks are subject to the laws of a State in respect of their affairs unless such laws interfere with the purposes of their creation, tend to impair or destroy their efficiency as federal agencies or conflict with the paramount law of the United States." *First National Bank in St. Louis v. Missouri*, 263 U.S. 640, 656, 44 S.Ct. 213, 215, 68 L.Ed. 486 (1924).

In the politically sensitive realm of usury regulation, Congress has for more than a century exercised its preemptive power to regulate national banks. With respect to the substantive regulation of what interest rates may be charged, Congress has with some exceptions adopted the policy of allowing a national bank to charge interest "at the rate allowed by the laws of the State ... where the bank is located ... and no more," 12 U.S.C. § 85, consistent with its broad objective of promoting competitive equality between national banks and their locally-chartered competitors. At the same time, however, Congress has prescribed in the national banking laws precisely what remedies are available against a national bank for usury, in order to promote remedial uniformity and to protect national banks from destructive usury penalties frequently available under state law. *See Farmers' & Mechanics' National Bank v. Dearing*, 91 U.S. 29, 23 L.Ed. 196 (1875).

This federal remedy for usurious interest paid to a national bank is presently found in 12 U.S.C. § 86, which provides in relevant part:

[C]harging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest.... In case the greater rate of interest has been paid, the person by whom it has been paid ... may recover back ... twice the amount of the interest thus paid from

the association taking or receiving the same: *Provided*, That such action is commenced within two years from the time the usurious transaction occurred.

This provision including the two year limitation was first enacted in 1864. It is well settled that, "since Congress has provided a penalty for usury, that action preempts the field and leaves no room for varying state penalties." *First National Bank in Mena v. Nowlin*, 509 F.2d 872, 881 (8th Cir.1975). *See McCollum v. Hamilton National Bank*, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938); *Barnet v. National Bank*, 98 U.S. 555, 25 L.Ed. 212 (1879); *United Missouri Bank v. Danforth*, 394 F.Supp. 774, 779–780 (W.D.Mo.1975).

Plaintiff contends, however, that Congress drastically changed this situation when it passed the Depository Institutions Deregulation and Monetary Control Act of 1980 ("Monetary Control Act"),[2] which expressly preempted state usury limits on certain types of national bank loans for a three year period, or for a shorter period if a state adopted a law "which states explicitly and by its terms that such State does not want the provisions of this part to apply with respect to loans made in such State." Pub.L. No. 96–221, §§ 511, 512(a)(2). In 1982, Arkansas responded by amending Ark. Const. Art. 19, § 13 to increase the interest rates that may lawfully be charged by Arkansas banks. By that action, plaintiff argues, Arkansas overrode 12 U.S.C. § 85, "and by construction 12 U.S.C. § 86," so that plaintiff's usury cause of action is entirely governed by Arkansas law, including the applicable state statute of limitations.

■ There are two fatal flaws to this argument. First, the amended Arkansas Constitution expressly provides:

The provisions hereof are not intended and shall not be deemed to supersede or otherwise invalidate any provisions of federal law applicable to loans or interest rates....

Ark. Const. Art. 19, § 13(d)(ii). This court has held that, by this provision, Arkansas

---

**2.** Pub.L. No. 96–221, 94 Stat. 132 (codified as amended in scattered sections of 12 U.S.C.).

"specifically endorsed ... federal preemption." *In re Lawson Square, Inc.*, 816 F.2d 1236, 1240 (8th Cir.1987). Thus, even if the Monetary Control Act gave Arkansas the power to override § 86, it plainly has not done so.

■ Second, and more fundamentally, we think plaintiff's argument misconstrues the Monetary Control Act. That Act was the latest in a series of federal usury overrides[3] reflecting Congress' frustration with what it perceived to be unrealistically low state law interest rate limits. The statute modified Congress' traditional policy, reflected in § 85, of subjecting national banks to those state limits. However, to assuage critics of further federal control over banking, this preemption of state interest rate ceilings was limited to three years and further limited by giving the states a chance to "override the override" by adopting usury laws expressly intended to displace the new Monetary Control Act limits.

All of this deals with § 85 and the substantive regulation of interest rates. There is nothing in the Monetary Control Act suggesting a congressional intent to override § 86, that is, to end federal preemption of the usury penalties that may be recovered against national banks. It would be anomalous, indeed, to construe a statute that was intended to *increase* federal preemption of state substantive usury law as also reflecting a hidden congressional intent to *decrease* federal preemption of usury penalties. After careful examination of the legislative history of the Monetary Control Act, we can divine no such Congressional intent. We hold, therefore, that § 86 as an exclusive federal usury remedy against national banks remained undisturbed by the passage of both the Monetary Control Act and the amendment to Ark. Const. Art. 19, § 13.

## II.

■ The above discussion demonstrates that plaintiff's usury action is time-barred, wherever brought. Because Section 86 does not create exclusive federal jurisdiction, the state court in which plaintiff commenced this action had jurisdiction. However, § 86 provides an exclusive federal remedy and therefore, had the case not been removed, the state court would have been required by the Supremacy Clause to apply § 86's two year statute of limitations and grant defendant's motion to dismiss. Instead, defendant removed the action to federal court. Plaintiff moved to remand and has properly preserved the removal issue on appeal. Whether this case was properly removed is a more difficult question than whether it is time-barred.

■ Removal of a state court action without regard to the citizenship of the parties is appropriate if the suit could have been brought in federal district court, as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). This federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Under the "well-pleaded complaint" doctrine, the plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). When plaintiff's action is properly brought under state law, the defendant is not entitled to remove simply because federal law or principles of federal preemption will provide a defense, even a complete defense, to plaintiff's state law claims. Under this doctrine, in areas other than usury, national banks have been denied removal even though the National Bank Act would ultimately control all or part of plaintiff's state law action. *See, e.g., Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *First National Bank of Aberdeen v. Aberdeen National Bank*, 627 F.2d 843 (8th Cir.1980).

**3.** The Monetary Control Act was preceded by the 1974 Brock Act, Title II, Pub.L. No. 93–501, 88 Stat. 1557, 1558–60 (codified as amended in scattered sections of 12 U.S.C.), and the 1979 Borrower's Relief Act, Pub.L. No. 96–104, 93 Stat. 789 (codified as amended in scattered sections of 12 U.S.C.).

However, there is an exception to the well-pleaded complaint rule: "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." 1A Moore's Federal Practice ¶ 0.160[3.–3], at p. 234 (1990 ed.). This is a narrow exception, limited to federal statutes that "so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987).

The primary example of this "complete preemption" is § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), which first held that a defendant may remove a § 301 suit despite the state court's concurrent jurisdiction, the effect of removal was to dissolve a labor injunction granted by the state court that the federal court was prohibited from granting by the Norris LaGuardia Act. *Avco* thus illustrates that this type of removal is most appropriate where Congress has created an exclusive federal remedy that displaces any overlapping or inconsistent state remedies.

That is precisely the situation here. Section 86 is an exclusive federal remedy, created by Congress over 100 years ago to prevent the application of overly-punitive state law usury penalties against national banks. It is now settled that suits under § 86 may be brought in federal court. *Burns v. American National Bank and Trust Co.*, 479 F.2d 26 (8th Cir.1973) (en banc). Thus, whether or not plaintiff artfully attempted to couch its complaint wholly in state law terms, it was necessarily federal in nature and properly removable. *See Beeman v. MBank Houston, N.A.*, 691 F.Supp. 1027 (S.D.Tex.1988).

It is perhaps worth noting that we do not consider our removal decision in this case to be inconsistent with the alternative ground discussed in *Marquette National Bank v. First National Bank of Omaha*, 422 F.Supp. 1346, 1351–1353 (D.Minn.1976). *Marquette* involved a competitor's suit in state court to enjoin a national bank from charging interest rates in excess of those permitted under § 85. Thus, the exclusive remedy in § 86 for usurious interest paid was not implicated, state law provided the basis for the plaintiff's cause of action, and there was no federal policy requiring the federal court to disturb the state court's concurrent jurisdiction over § 85 issues by removal.

Accordingly, we conclude that the district court properly denied plaintiff's motion to remand and dismissed the action as time-barred, and we affirm.