945 F.Supp. 1255 (1996)
Michael and Yolanda WOODS, Plaintiffs,
v.
UNIGROUP, INC., Defendant.
No. 4:96CV1824 JCH.
United States District Court, E.D. Missouri, Eastern Division.
November 4, 1996.
Mark H. Zoole, Weier and Hockensmith, St. Louis, MO, for plaintiffs.
James P. Bick, Jr., Latourette and Schlueter, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
HAMILTON, Chief Judge.
This matter is before the Court on Plaintiffs Michael and Yolanda Woods' Motion for Remand.

BACKGROUND
Plaintiffs filed their Petition in the Associate Circuit Court, County of St. Louis, on July 24, 1996. In their Petition, Plaintiffs asserted a state-law negligence claim, alleging that Defendant failed to exercise due care in transporting Plaintiffs' personal belongings from Kansas to Indiana. (Plaintiffs' Petition, ¶¶ 5, 8).
Defendant filed a Notice of Removal on September 10, 1996, stating that the action was removable pursuant to 28 U.S.C. § 1441(b) as "a civil action over which this Court has original jurisdiction founded on a claim arising under the laws of the United States under 28 U.S.C. § 1331." (Defendant's Notice of Removal, ¶ 4).
Plaintiffs filed their Motion for Remand back to the Circuit Court for the County of St. Louis on October 9, 1996, and Defendant filed its Memorandum in Opposition to such motion on October 17, 1996.

ANALYSIS
"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The Supreme Court continued:
The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.
Id. (citations omitted); see also, M. Nahas & Co., Inc. v. First National Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir.1991).
An exception to the well-pleaded complaint rule exists, however. Under the "complete preemption" doctrine, there are times when a federal statute so completely preempts a particular area of law that "any civil complaint raising this select group of claims is necessarily federal." M. Nahas & Co., Inc. v. First National Bank of Hot Springs, 930 *1256 F.2d at 612. The question for this Court thus becomes whether any federal statute so preempts Plaintiffs' state-law negligence claim.
Proper resolution of the above-stated issue necessitates an examination of the laws governing interstate carriers. As an interstate carrier, Defendant is governed by the Interstate Commerce Act, 49 U.S.C. §§ 10101-11917. Paulson v. Greyhound Lines, Inc., 628 F.Supp. 888, 892 (D.Minn.1986). The pertinent section of such Act, known as the "Carmack Amendment," reads in relevant part:
A common carrier ... subject to the jurisdiction of the Interstate Commerce Commission ... shall issue a receipt or bill of lading for property in receipt for transportation ... The carrier ... and any other carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission ... are liable to the person entitled under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier (2) the delivering carrier ...
Hughes v. United Van Lines, Inc., 829 F.2d 1407, 1412 (7th Cir.1987).
In Adams Express Co. v. Croninger, the Supreme Court addressed the preemptive scope of the Carmack Amendment relating to state regulation of carrier liability. In holding that the Amendment did preempt state law remedies, the Court wrote, "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." Adams Express Co. v. Croninger, 226 U.S. 491, 505-506, 33 S.Ct. 148, 152, 57 L.Ed. 314 (1913). In following this ruling the majority of circuit courts, including the Eighth Circuit, have concluded that state law causes of action are preempted by the Carmack Amendment. See, e.g., Fulton v. Chicago, Rock Island & P.R. Co., 481 F.2d 326, 331 (8th Cir.) (cert. denied, 414 U.S. 1040, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973)) ("`The cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs'") (citations omitted); Air Products & Chemicals, Inc. v. Illinois Central Gulf R.R. Co., 721 F.2d 483 (5th Cir.1983) ("... the Carmack Amendment, as judicially interpreted, provides an exclusive remedy for a breach of contract of carriage provided by a bill of lading ..."); Hughes Aircraft Co. v. North American Van Lines, Inc., 970 F.2d 609, 613 (9th Cir.1992) ("Hughes (Plaintiff) wisely concedes that federal law preempts any state common law action against North American (Defendant) acting solely as a common carrier ... The fact that North American signed a contract to ship Hughes' goods does not remove its common carrier status").
Therefore, because the Carmack Amendment preempts Plaintiffs' state law negligence cause of action, the claim was properly removed for this Court's exercise of original jurisdiction.

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that Plaintiffs' Motion for Remand (Docket # 7) is DENIED.