**Georgina Y. STEPHENS, Plaintiff,**

v.

**COWLES MEDIA COMPANY, Defendant.**

**No. CIV. 97–2305 JRT/RLE.**

United States District Court, D. Minnesota.

Jan. 12, 1998.

Jeffrey Robert Anderson, Joanne Jirik Mullen, Barbara J. Felt, Reinhardt & Anderson, St. Paul, MN, for Georgina Y. Stephens, Plaintiff.

Kathlyn Ernst Noecker, Ann M. Kraemer, Faegre & Benson, Minneapolis, MN, for Cowles Media Company, Defendant.

## ORDER

TUNHEIM, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is --

ORDERED:

That the Plaintiff's Motion to Remand this matter to the Minnesota District Court for Hennepin County [Docket No. 3], shall be, and hereby is, GRANTED, and Clerk is directed to do so forthwith.

## ORDER and REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

At Duluth, in the District of Minnesota, this 10th day of December, 1997.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A) and (B), upon the Plaintiff's Motion to Remand this matter to the Minnesota District Court for Hennepin County, and to award her costs and attorney's fees for having to bring this Motion. See, *Title 28 U.S.C. § 1447.*

A Hearing on the Motions was conducted on December 8, 1997, at which time the Plaintiff appeared by Barbara J. Felt, Esq., and the Defendant appeared by Kathlyn E. Noecker, Esq.

For reasons which follow, we recommend that the Motion to Remand be granted, but we deny the Motion for Costs and Attorneys' Fees.[1]

### II. *Factual and Procedural Background*

On or about September 24, 1997, the Plaintiff brought an action in State Court against the Defendant for employment discrimination, and for retaliation, allegedly in violation of the Minnesota Human Rights Act ("MHRA"), *Minnesota Statutes Section 363.03,* and for a breach of her employment contract. According to the Complaint, the Plaintiff was an employee of the Defendant, and serving as its sole African–American executive. In December of 1996, the Plaintiff was removed as the Treasurer of the Defendant corporation, ostensibly as a result of a corporate reorganization, assertedly upon a promise that she would be placed, within the corporation, in a position of equal significance. According to the Plaintiff, she was placed in an inferior position and, when she initiated an Equal Employment Opportunity Commission ("EEOC") investigation into the alleged discrimination, her employment with the Defendant was improperly terminated. The Plaintiff's Complaint is devoid of any expressly alleged Federal claims.

The first five paragraphs of her Complaint, however, explicitly recount, in detail, that the Plaintiff has complied with the administrative exhaustion requirements which serve as conditions precedent to a Federal claim under Title VII. See, *Title 42 U.S.C. § 2000e-5(b) and (e).* As alleged in the Plaintiff's Complaint:

### ADMINISTRATIVE PROCEDURES

1. Plaintiff has complied with all conditions precedent to filing this Complaint, to wit:

2. On or about August 7, 1997, Plaintiff filed charges of race discrimination, sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

3. Such charges were filed within the statutorily required timeframe of 300 days after the alleged unlawful employment practices occurred.

4. The EEOC issued a "Notice of Right to Sue" in this matter on August 14, 1997, which was received by Plaintiff on August 18, 1997.

5. Within the 90 day statutorily prescribed period, Plaintiff now comes and files this lawsuit against the above-named Defendant.

*Compl.* ¶¶ 1-5 [emphasis supplied].

As stressed by the Defendant, these paragraphs, which are expressly predicated on the propriety of this Complaint, would be wholly unnecessary if the Plaintiff were solely interested in pursuing State law claims. Consequently, the Defendant expresses con-

---

1. We conclude that an award of attorneys' fees and costs is unwarranted as the Plaintiff's Complaint contained a sufficient lack of clarity, concerning her intent to proceed with a Federal claim, as would prompt an effort, on the part of the Defendant, to have any Federal claim determined by a Federal Court. While we find that the Plaintiff's Complaint does not assert a Federal claim, a clearer expression of the Plaintiff's intendment would have obviated any attempt at removal. Indeed, the Plaintiff candidly admits that the troublesome paragraphs of her Complaint were in error, and should have been extracted, once she elected only to pursue State law claims.

cern that, through the device of oblique "notice pleading," the Plaintiff seeks to assert a latent Federal claim, pursuant to Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e et seq., in an otherwise State Court proceeding.

As a result of this concern, on October 15, 1997, the Defendant removed the case to Federal Court, pursuant to Title 28 U.S.C. § 1441(b), asserting in its Notice of Removal that, because the Plaintiff appears to be pursuing Title VII claims, the Court has original jurisdiction of this action under Title 28 U.S.C. § 1331. In the Motion before us, the Plaintiff asks that we remand her cause to State Court, for want of a Federal question, as she expressly disavows any interest in pursuing Federal claims, notwithstanding the Federal exhaustion averments of her Complaint.

### III. *Discussion*

A. *Standard of Review.* As pertinent, the Statute which governs the removal of causes to the Federal Courts, *Title 28 U.S.C. § 1441(a)*, states as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, "[r]emoval of a state court action without regard to the citizenship of the parties is appropriate if the suit could have been brought in federal district court, as 'founded on a claim or right arising under the Constitution, treaties or laws of the United States.'" *Blair v. Source One Mortg. Services Corp.,* 925 F.Supp. 617, 620 (D.Minn. 1996), quoting *M. Nahas & Co. v. First Nat'l. Bank of Hot Springs,* 930 F.2d 608, 611 (8th Cir.1991), in turn citing *Title 28 U.S.C. § 1441(b).* "A federal question is raised in 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Peters v. Union Pacific R. Co.,* 80 F.3d 257, 260 (8th Cir.1996), quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); see also, *In re Otter Tail Power Co.,* 116 F.3d 1207, 1213 (8th Cir. 1997). The fact that a Complaint mentions, or even incorporates a Federal law, is not determinative of whether it "arises under" the Constitution, laws or treaties of the United States. See, e.g., *Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306, 310 (3rd Cir.1994), cert. denied, 514 U.S. 1063, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995); *Shannon v. MTA Metro–North RR,* 952 F.Supp. 177, 178 (S.D.N.Y.1997); *Collins v. Baxter Healthcare Corp.,* 949 F.Supp. 1143, 1147 (D.N.J.1996).

"As a general rule, a plaintiff can avoid removal to federal court by alleging only state law claims." *Gaming Corp. of America v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996), citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Otherwise stated, "[u]nder the well-pleaded complaint doctrine, the plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law." *Blair v. Source One Mortg. Services Corp.,* supra at 620, quoting *M. Nahas & Co. v. First Nat'l. Bank of Hot Springs,* supra at 611. Therefore, when the plaintiff's case is properly brought under State law, a defendant is not entitled to remove the action simply because federal law, or principles of federal preemption, will provide a defense—even a complete defense—to the plaintiff's state law claims. *Caterpillar Inc. v. Williams,* supra at 393.

Nevertheless, "[a] plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." *Peters v. Union Pacific R. Co.,* supra at 260. As a result, "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." *Blair v. Source One Mortg. Services Corp.,* supra at 620, quoting *M. Nahas & Co. v. First Nat'l. Bank of Hot Springs,* supra at 612.

When the Plaintiff has no State claim at all, the "artful pleading doctrine" recognizes that the characterization of a Fed-

eral claim as a State claim will not prohibit removal. See, *Federated Dep't. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)(doctrine permits Courts to examine whether a plaintiff has "attempted to avoid removal jurisdiction by 'artful[ly]' casting [her] 'essentially federal law claims' as state law claims."). The doctrine "does not convert legitimate state claims into federal ones, but rather reveals the suit's necessary federal character." *Carpenter v. Wichita Falls Independent School Dist.,* 44 F.3d 362, 367 (5th Cir.1995). In practical effect, the doctrine constitutes a "narrow exception, limited to federal statutes that 'so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal.'" *M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* supra at 612, quoting *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); but cf., *Taft v. Burlington Northern RR Corp.,* 926 F.Supp. 866, 868 (D.Minn.1996)(treating artful pleading and complete preemption as separate and distinct bases for removal). In the final analysis, we resolve all significant doubts concerning the existence of a Federal question in favor of remand. See, *In re Business Men's Assurance Co.,* 992 F.2d 181, 183 (8th Cir.1993).

■ B. *Legal Analysis.* Given these guiding principles, we first conclude that the Plaintiff's Complaint, on its face, does not rely upon Federal law, nor does it present a substantial Federal question. See, *Peters v. Union Pacific R. Co.,* supra at 260. As the master of her Complaint, the Plaintiff has here exclusively relied upon the MHRA and the State common law of contracts, which provide viable causes of action free and clear of any Federal law. See, *M. Nahas & Co. v. First Nat'l. Bank of Hot Springs,* supra at 611. In our view, the surplusage of those allegations, which attest to the Plaintiff's exhaustion of her Federal administrative remedies, do not convert her State law claims into their Federal analogs.

■ Nor do we find that the Complaint's recitation of Federal exhaustion requirements, raises the specter of artful pleading, for the governing standard is clear that the "artful pleading" exception to the "well-pleaded complaint" rule is a narrow one, and would be applicable only if Title VII were to so completely preempt the employment discrimination field, that her claims would be, essentially, Federal in character. See, *M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* supra at 612. It is well-settled, however, that Sections 708 and 1104 of Title VII so severely limit the Act's preemptive effect, that State fair employment laws which do not countermand Title VII, are left in full effect. See, *California Federal Savings and Loan v. Guerra,* 479 U.S. 272, 282, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987). Accordingly, because Title VII does not completely preempt State law, the narrow, "artful pleading" exception does not apply. Cf., *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 345 (9th Cir.1996).

As a consequence, since the Plaintiff's Complaint does not "arise under" the Constitution, laws or treaties of the United States, and since the "artful pleading" doctrine does not apply, we may not upset the Plaintiff's election to pursue viable State law claims in State Court. Therefore, we are compelled, under the governing law, to remand this cause to State Court.[2]

---

2. The Defendant has expressed concern that the Plaintiff may wait until the 30–day period for removal has expired, and then proceed to amend her Complaint, in State Court, to include Federal claims under Title VII. While we seriously doubt that, given the procedural history here, the comity between the State and Federal Courts would countenance such a diversionary approach, we need not reach that issue, for the Defendant's fears are unfounded. As the governing law makes clear, such an Amendment would mark the beginning of the statutory removal period, as allowed by Title 28 U.S.C. § 1446(b). As the Supreme Court has recently explained:

In a case not originally removable, a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a non-diverse party—may remove the case to federal court within 30 days of receiving such information. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 117 S.Ct. 467, 472–73, 136 L.Ed.2d 437 (1996).

Should the Plaintiff elect to pursue a Federal claim, in State Court and, thereby, effectuate "the post-commencement satisfaction of federal jurisdictional requirements," *id.,* it would appear that the Defendant is not without a removal remedy.

NOW, THEREFORE, It is—

ORDERED:

That the Plaintiff's Motion for Costs and Attorneys' Fees [Docket No. 3] is DENIED.

AND, It is—

RECOMMENDED:

That the Plaintiff's Motion to Remand this matter to the Minnesota District Court for Hennepin County [Docket No. 3], be GRANTED, and the Clerk be directed to do so forthwith.

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 29, 1997,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 29, 1997,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.