**MASSACHUSETTS STATE PHARMA-
CEUTICAL ASSOCIATION et al.,
Appellants,**

v.

**FEDERAL PRESCRIPTION SERVICE,
INC., Appellee.**

**No. 19906.**

United States Court of Appeals,
Eighth Circuit.

Aug. 13, 1970.

David Berman, Zamparelli & White, Medford, Mass., for appellants; William Wimer, Des Moines, Iowa, on the brief.

George S. Leonard, Leonard, Clammer & Flues, Washington, D. C., for appellee; H. M. Coggeshall, Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, on the brief.

Before VAN OOSTERHOUT, MEHAFFY and BRIGHT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal from final judgment dismissing plaintiffs' complaint for injunctive relief on the ground that the court lacked jurisdiction by reason of plaintiffs' failure to establish the existence of the required $10,000 jurisdictional amount. Jurisdiction was predicated on 28 U.S.C.A. §§ 1331 and 1332. The existence of diversity of citizenship and the presence of a federal question is not disputed.

The plaintiffs in this action are the Massachusetts State Pharmaceutical Association, an organization of registered Massachusetts pharmacists and four individual pharmacists operating retail pharmacies in Massachusetts. The action is brought as a class action on behalf of the named plaintiffs and all registered Massachusetts pharmacists who own or have a beneficial interest in retail pharmacies.

Defendant is a licensed Iowa retail pharmacy located at Madrid, Iowa, which fills prescriptions by mail at discount prices for members of various national organizations pursuant to contracts with such organizations. Advertisements of defendant's services appear in the publications of the organizations served.

Plaintiffs on June 21, 1968, obtained a default judgment against defendant in a Massachusetts State court which decreed as follows:

"The Defendant's solicitation within the Commonwealth of Massachusetts or orders to fill prescriptions for the sale of drugs forbidden to be sold except by registered pharmacists and duly qualified medical practitioners, whether such solicitation is by direct mailings, by salesmen, employed within the Commonwealth, by advertisements distributed through the Commonwealth, or by any other means, is illegal under the statutes of Massachusetts."

The injunction was issued on August 28, 1968, by the Massachusetts court enjoining defendant from doing any of the acts declared to be illegal in the order just quoted.

Plaintiffs in their present action brought in the Iowa federal district court assert defendants have not complied with the terms of the Massachusetts injunction. Plaintiffs seek an injunction against defendant restraining defendant from doing the acts found illegal by the Massachusetts court.

Defendant by answer raised various defenses including the one here material to the effect that damages in the jurisdictional amount of $10,000 do not exist.

The court postponed ruling on the jurisdictional issue until after hearing upon the merits. After trial to the court on the merits, the order of dismissal for lack of the jurisdictional amount was entered. Such judgment is based upon the following fact finding and conclusions of law set out in the trial court's memorandum opinion (not reported):

"The Court is satisfied that the plaintiffs have failed to establish that any one of the named plaintiffs had an interest in the controversy even remotely approaching $10,000. The most that can be said is that defendant had gross sales in the entire State of Massachusetts during the last five years of approximately $135,000. The plaintiff Association has two thousand members of which a majority are owners of pharmacies. The plaintiffs were unable to identify any individual sales by defendant in the State. Thus, unless the interests of the members of the Association as a class can be combined, jurisdictional amount is lacking.
\* \* \*
"The separate claims of the plaintiffs and of the members of the Association claimed to be damaged because defendant sells drugs in Massachusetts cannot be aggregated to meet the required jurisdictional amount.

Snyder v. Harris, 394 U.S. 332 [89 S.Ct. 1053, 22 L.Ed.2d 319] * * *"

Plaintiff's claim that they are entitled to a reversal for the following reasons:

1. Error in determining that no individual plaintiff had established past or prospective pecuniary injuries by unfair competition in excess of the $10,000 jurisdictional amount.

2. Error in determining plaintiffs could not aggregate their claims to establish the jurisdictional amount.

We affirm the dismissal for the reasons hereinafter set out.

■■ In order for a federal court to have jurisdiction in a case involving diversity of citizenship or a federal question, the plaintiff bears the burden of proving that the "matter in controversy exceeds the sum or value of $10,000 exclusive of interests and costs." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182, 56 S.Ct. 780, 782, 80 L.Ed. 1135; Hulsenbusch v. Davidson Rubber Co., 8 Cir., 344 F.2d 730, 733; Hedberg v. State Farm Mutual Auto. Ins. Co., 8 Cir., 350 F.2d 924, 929. The amount in controversy is tested by the value of the suit's intended benefit to the plaintiff.[1] Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174; Hedberg v. State Farm Mutual Auto. Ins. Co., supra; Zep Manufacturing Corp. v. Haber, D.C. Tex., 202 F.Supp. 847.

■ In a suit involving unfair or unlawful competition the benefit to the plaintiff is generally measured by determining the difference between the value of the plaintiff's business without the unfair or unlawful competition and the value of the business with it. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 181, 56 S.Ct. 780, 80 L.Ed. 1135; Wright, Law of Federal Courts, § 33 (2d ed.). If the unfair or unlawful competition diminishes the value of the plaintiff's business by more than $10,000 then the benefit to the plaintiff to prohibit this competition would meet the jurisdictional amount.

■ The Massachusetts Pharmaceutical Association has failed to establish any pecuniary value of the suit's intended benefit. The four individual pharmacist-plaintiffs have each failed to prove the value of his business has been diminished in any substantial amount by the alleged unfair competition. Defendant's business in Massachusetts for the previous five years aggregated $135,000. In 1968, Massachusetts sales reached approximately $41,000. This sum divided by the unascertained number of pharmacist retailers in the state would make the average loss of business to each such business considerably less than $50. Each of the named plaintiffs had annual sales ranging from $109,000 to $271,-

[1] This is the so-called "plaintiff's viewpoint" rule. See 1 Barron & Holtzoff, Federal Practice and Procedure, § 24 (Wright Ed.). There is some authority for the proposition that the amount in controversy is valued by the "thing to be accomplished by the action" as to either the plaintiff or the defendant, whichever is the higher. See cases cited in Hedberg v. State Farm Mutual Auto. Ins. Co., 8 Cir., 350 F.2d 924, 928, and Hatridge v. Aetna Casualty & Surety Co., 8 Cir., 415 F.2d 809, 814–816. In neither of these cases did we apply the defendant's standpoint test.

In light of Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319, holding that only plaintiffs who have a common and undivided interest in a single title or right may aggregate their claims to reach the jurisdictional amount, we are of the view that the "plaintiff's viewpoint" rule is the only valid rule. In a class action where the aggregate amount of damages to the class exceeds $10,000, the value of the thing to be accomplished by the action, (judgment for the aggregate amount) as to the defendant exceeds the jurisdictional amount. Snyder v. Harris, p. 353 of 394 U.S. 89 S.Ct. 1053 (dissenting opinion). The Court in Snyder does not recognize the presence of the jurisdictional amount in that situation. The holding can only be interpreted as precluding the valuation of the amount in controversy from the defendant's viewpoint. To hold otherwise would in effect permit aggregation of claims contrary to the teaching in Snyder.

000. There is no evidence which would establish how much business any pharmacist lost by reason of defendant's competition.

Included in the testimony of plaintiff Pahigian who testified on damage to individual plaintiffs is the following:

"Q. [Mr. Leonard, continuing] My point here is with respect to these plaintiffs who have alleged in Iowa that they have suffered damage in excess of $10,000, Mr. Pahigian. All I want to know is calculate the $10,000 for me. A. I don't believe that I could."

"Q. Is there any particular member of the class who has suffered any specific damage, Mr. Pahigian, to your knowledge? A. Not to my knowledge. I do not know."

"Q. Is there any particular member, any member at all of the Association as to which you have information that he has suffered any specific damage? A. I do not know."

"Q. Well, do you have any information apart from whether you know or not? A. I do not."

Plaintiffs contend that Massachusetts law requires each of them to be open eighty hours a week and this requirement makes it necessary for each to hire an extra pharmacist at a cost of $10,000 a year, and that each is required to purchase a license costing $25, which expenses defendant does not incur, and that this results in a diminution of value in plaintiff's franchise of $10,025. Such contention lacks merit. Plaintiffs as Massachusetts pharmacists and pharmacy operators are required to comply with valid Massachusetts regulations and license laws and are obligated to meet such requirements whether or not defendant sells any drugs in the state. Enjoining defendant's solicitation in Massachusetts would in no way eliminate plaintiffs' obligation to have a pharmacist on duty or to pay required license fees.

Plaintiffs' further contention that the fact that each of their individual business establishments are worth over $10,000 creates the jurisdictional amount is without merit. The contention could have some possible substance if there were any proof that the unfair competition would have the effect of totally destroying plaintiffs' business. There is no such proof here. The proof at most shows that the alleged unfair competition will have a minimal effect upon plaintiffs' business.

The plaintiffs also contend that the trial court erred in not allowing them to aggregate their claims and those of the class they represent to establish the jurisdictional amount. We need not reach the question of whether aggregation is permissible. We find that the plaintiffs have failed to establish that the requisite jurisdictional amount would be present if aggregation is allowed. There is no evidence in the record to indicate that the value of the business of the class in the aggregate has been diminished by more than $10,000. There is no proof that plaintiffs would obtain a substantial portion of the business presently enjoyed by the defendant if the injunction were granted. The injunction prohibits solicitation but does not prohibit sales. In any event, sales standing alone do not properly measure the amount of economic loss. Plaintiffs individually and collectively have failed to meet the burden resting upon them to establish the presence of the requisite jurisdictional amount.

The judgment dismissing the complaint for lack of jurisdiction is affirmed.