**Earl J. WHITE, et al., Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

No. 7:CV93–5000.

United States District Court,
D. Nebraska.

Sept. 24, 1993.

See also, 153 F.R.D. 643.

Kent A. Schroeder, Ross, Schroeder, Brauer & Romatzke, Kearney, NE, for plaintiff.

Gary L. Scritsmier and Martin J. Troshynski, Kelley, Scritsmier & Byrne, North Platte, NE, for defendant.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on the following: the Defendant's appeal, (Filing No. 39), from the memorandum and order entered by Magistrate–Judge David L. Piester on September 9, 1993, (Filing No. 35); the Defendant's motion for stay pending appeal, (Filing No. 40); and the Defendant's Rule 60 motion for relief from the memorandum opinion and order entered by the undersigned on September 14, 1993, (Filing No. 41).

## I. MOTION FOR STAY PENDING APPEAL

The Defendant requests that operation of the memorandum and order dated September 9, 1993 be stayed pending appeal. The Court finds that the motion should be denied.

## II. APPEAL FROM SEPTEMBER 9, 1993 MEMORANDUM AND ORDER

In a previous memorandum and order, Judge Piester granted the Plaintiff's motion to withdraw class certification and allowed the parties until September 7, 1993 to submit briefs showing that this Court has subject matter jurisdiction over the action. Judge Piester stated that, absent a showing of subject matter jurisdiction, this action would be subject to being remanded to the state court. (Filing No. 32). The Defendant submitted a brief; however, the Defendant failed to address the question of subject matter jurisdiction. The Plaintiff did not submit a brief.

On September 7, 1993 the Defendant appealed Judge Piester's memorandum and order insofar as the memorandum and order addressed the Plaintiff's motion to withdraw class certification. Also, the Defendant moved to stay the operation of the September 7, 1993 order pending the appeal.

On September 9, 1993 Judge Piester issued a second memorandum and order denying the Defendant's motion for stay, remanding the action to the District Court for Dawson County, Nebraska, and staying the remand for ten days to permit an appeal in accordance with the local rules. In doing so, Judge Piester noted that, when specifically provided with the opportunity, neither party addressed the issue of subject matter jurisdiction. (Filing No. 35).

On September 20, 1993 the Defendant appealed Judge Piester's September 9, 1993 order, asserting that the decision remanding the action to state court is clearly erroneous. In its brief in support of the appeal, the Defendant discusses the decision granting the Plaintiff's motion to withdraw class certification, and then asserts that subject matter jurisdiction does exist.

In an appeal from a magistrate-judge's order, the Court must set aside any portion

found to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); NELR 72.3(d).

The Court agrees with Judge Piester's decision granting the Plaintiff's motion to withdraw class certification and finds that, for the reasons previously set forth by Judge Piester, (Filing No. 32, at 2–3), the pleadings suggest that it appears to a legal certainty that the Plaintiff cannot satisfy the required jurisdictional amount. *See Allison v. Life Assurance Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). Therefore, the Court finds that the appeal should be denied.

### III. RULE 60 MOTION

The Court finds that the Defendant's motion brought pursuant to Federal Rule of Civil Procedure 60 should be granted. The Defendant's requested form of relief is reconsideration of its appeal, (Filing No. 33), from Judge Piester's order entered on August 31, 1993, (Filing No. 32), granting the Plaintiff's motion to withdraw class certification.

Briefly, the Defendant requests the Court to decide the class certification issue on the merits and objects to the order granting withdrawal of the motion for class certification.

In an appeal from a magistrate-judge's order, the Court must set aside any portion found to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); NELR 72.3(d).

Considering Judge Piester's order, the Court finds that the order is neither contrary to law nor clearly erroneous and, therefore, that the Defendant's appeal should be denied.

IT IS ORDERED:

1. The Defendant's motion for stay pending appeal, (Filing No. 40), is denied;

2. The Defendant's appeal, (Filing No. 39), from the memorandum and order entered by Magistrate–Judge David L. Piester on September 9, 1993 is denied;

3. The Defendant's Rule 60 motion for relief from the memorandum opinion and order entered by the undersigned on September 14, 1993, (Filing No. 41), is granted insofar as the Defendant's appeal, (Filing No. 33), from the order entered on August 31, 1993, (Filing No. 32), shall be reconsidered; and

4. Upon reconsideration, the Defendant's appeal, (Filing No. 33), from the order entered on August 31, 1993, (Filing No. 32), is denied.

### MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

Although given time to do so, the plaintiff has not responded to paragraph 2 of the order of August 31, 1993, which allowed the parties to address the question of whether this court has subject matter jurisdiction over this action. Defendant, on the other hand, has submitted a brief to the undersigned, but does not address the question of subject matter jurisdiction. Instead, defendant takes issue with the finding of my order of August 31, in which I noted that due to plaintiff's withdrawal of the motion to certify class action, plaintiff is now proceeding as an individual only. Indeed, defendant has also filed a separate motion seeking a stay of the order of August 31 to allow defendant to appeal from that order.

In normal circumstances the defendant's arguments would be well taken. Normally there would be time to allow discovery into the matter of class certification, notwithstanding the plaintiff's present failure to completely present his class evidence. However, in this case, the court's progression order makes these arguments unavailing. The discovery period has closed for this case. The period for adding parties and amending pleadings has expired. *See*, filing 11. There has been no motion filed seeking a continuance of the trial setting or the discovery period. Thus, there will be no further opportunity for plaintiff to move for class certification.

That being the case, there is no reason to construe the complaint as raising anything other than an individual claim at this point, and the question arises whether this court has jurisdiction, given that the plaintiff has not alleged damages of the jurisdictional amount. Nor has either plaintiff or defen-

dant made any showing that the jurisdictional amount is in controversy in this case.

*Fed.R.Civ.P.* 23(d) provides that the court may make "appropriate" orders "(4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly" and "(5) dealing with similar procedural matters." While it is obvious that an order eliminating class allegations would be "appropriate" following the denial of a motion for class certification, it is less clear whether such an order would be "appropriate" following the plaintiff's withdrawal of the motion for class certification when the time for amending pleadings, conducting discovery, and adding parties has expired under the progression order of the case. A search for cases on the question has been in vain, and the commentators appear to have omitted consideration of the question. *See,* Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 1795–96; 3B *Moore's Federal Practice,* ¶¶ 23.74, 23.75. The procedural posture of this case, being on the eve of the final pretrial conference, causes me to conclude that plaintiff is now foreclosed from reopening the matter of class certification. That being so, I also conclude that the court may order the class allegations stricken.

Although Rule 23(d)(4) refers to an order "requiring the pleadings to be amended," the provisions of *Fed.R.Civ.P.* 16(e) require that the final pretrial conference order supersedes the pleadings in the case. It would be anomalous at this stage of the case, with the final pretrial conference set for less than a week away, to reopen a round of pleadings for this purpose; a much more practical course is to simply direct that class allegations be omitted from the final pretrial order.

However, the prospect of holding a final pretrial conference at this point is even more anomalous, for if this court is without jurisdiction, any pretrial conference is pointless and without effect. The parties have been given ample opportunity to demonstrate the jurisdiction of this court, and have failed to do so. The pleadings reveal that the plaintiff's claim amounts to less than the requisite amount in controversy for a diversity claim, $50,000, and neither side has put forth any showing or argument otherwise. It appears

to the court that no jurisdiction exists for this court to resolve the dispute before it. 28 U.S.C. § 1332.

Ordinarily, such a conclusion would require a *sua sponte* dismissal under *Fed.R.Civ.P.* 12(h)(3). This case, however, arrived in this court by removal from a state district court under 28 U.S.C. § 1441(b). In such circumstances once it is determined that the federal court has no jurisdiction over the claim, the case should be remanded to the state court. 28 U.S.C. § 1447(c). I thus conclude that this case should be remanded to the District Court of Dawson County, Nebraska, whence it came.

■ This conclusion raises yet another issue: whether a magistrate judge has authority to enter an order remanding a removed case to a state court. Entering such an order is not among the eight excepted matters that Congress withheld from the magistrate judges in passing 28 U.S.C. § 636(b)(1)(A), and obviously had Congress wanted to exempt such an order from the authority of magistrate judges, it knew how to say so specifically. I have written elsewhere on the statutory limits of magistrate judges' authority, *see, Robinson v. Eng,* 148 F.R.D. 635 (D.Neb.1993) (finding that a motion for Rule 11 sanctions based upon predismissal actions but filed after dismissal, was a pretrial, nondispositive matter within the authority of a magistrate judge) and I shall not repeat that discussion here. Suffice it to say that there is nothing intrinsic about an order of remand which would, in my view, make that discussion inapplicable to it, for it is a nondispositive, pretrial matter similar to those commonly referred to magistrate judges for ruling. The statute does not foreclose the entry of such an order by a magistrate judge. *See also Banbury v. Omnitrition Intern. Inc.,* 818 F.Supp. 276 (D.Minn. 1993) (holding that magistrate judges have authority to order a remand to state court, recognizing a split of authority on the matter).

The Constitutional barriers of Article III raise a more substantial issue. In addition, there are numerous cases discussing the boundaries of Article I authority, comparing the particular action at issue with the adjudi-

cative functions commonly conceded to be reserved to Article III judges, most notably the functions of resolving claims and disposing of lawsuits. *See, e.g., Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986); *Thomas v. Union Carbide*, 473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985); *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *Geras v. Lafayette Light Fixtures, Inc.*, 742 F.2d 1037 (7th Cir.1984); *Collins v. Foreman*, 729 F.2d 108 (2d Cir.), *cert. denied*, 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984); *Pacemaker Diagnostic Clinic of America v. Instromedix*, 725 F.2d 537 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984); *Wharton–Thomas v. United States*, 721 F.2d 922 (3d Cir.1983).

In my view, though, an order of remand to a state court is not an order similar to those adjudicative functions, for two reasons: first, a remand order does not terminate the litigation; and second, it does not dispose of the pending claim. The claim at issue in this case between this plaintiff and this defendant will continue to be litigated in the state courts; the order of remand will not alter the parties' opportunity to advocate their positions or to be ably heard in a court of law. Nor should remanding the case change in any way the outcome of that claim on the merits.[1] For these reasons I conclude that the remanding of a case to the state court is not an Article III adjudicative function, and can be ordered by an Article I judge, in this case a magistrate judge.

To summarize: The plaintiff, although given an opportunity to press for class certification, has withdrawn his attempt to do so, and the time for adding parties, conducting discovery, and amending pleadings has elapsed. The defendant, although objecting to the order permitting the withdrawal of the class certification motion, has not demonstrated that class certification is proper, nor that the order was erroneous or contrary to law, or for any other reasons should be stayed pending its appeal. The provisions of *F.R.Civ.P.* 23(d)(4) and (5), when construed with those of Rule 16(e), permit the court to order the omission of any class allegations or issues from the final pretrial order. It appearing that this court is without jurisdiction to consider the plaintiff's claims, the case should be remanded to the state court. The remand order may be entered by a magistrate judge consistent with 28 U.S.C. § 636 and Article III of the Constitution.

In light of the foregoing discussion I shall not stay my order of August 31, 1993. Defendant may seek such a stay order from the assigned trial judge in accordance with the local rules. I shall, however, stay the operation of the remand order which follows, to permit an appeal of it. Accordingly,

IT THEREFORE HEREBY IS ORDERED:

1. Defendant's motion for stay pending appeal, filing ——, is denied.

2. This matter is remanded to the District Court of Dawson County, Nebraska for all further proceedings.

3. The operation of paragraph 2 above is stayed for a period of ten days to permit the parties to file an appeal of it in accordance with the local rules.

Dated September 9, 1993.

---

1. Indeed, in this case the issue is one of state law, in any event.