**Anne–Marit BERGSTROM, Charles Studness and Clarine Moe, and the State of North Dakota, Plaintiffs,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, a foreign corporation, Defendant.**

**Civ. No. A2–94–98.**

United States District Court, D. North Dakota, Northeastern Division.

July 31, 1995.

Peter K. Halbach, Devils Lake, ND, for plaintiffs.

Daniel John Crothers, Nilles, Hansen, Davies, Ltd., Fargo, ND, for defendant.

## ORDER ON PLAINTIFFS' MOTION TO REMAND

BENSON, Senior District Judge.

Plaintiffs filed a complaint in North Dakota state court on August 8, 1994, for monetary damages "in excess of $29,000" and equitable relief against the defendant railroad. Plaintiffs' complaint alleges Defendant's railroad acts as a dam and blocks the flow of water off Plaintiffs' land. They seek a judgment requiring Defendant to construct a culvert under the railroad bed to provide drainage.

On an allegation of diversity of citizenship and an amount in controversy exceeding $50,000, Defendant has removed the case to federal court. Diversity clearly exists, the parties disagree as to the amount in controversy. The question before the court is the method by which the "amount in controversy" should be calculated for removal jurisdiction when equitable relief is involved.

It is well settled that the party invoking federal jurisdiction bears the burden of proving the jurisdictional requirements. *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir.1969). The fact that it can be difficult to place a value on equitable relief will not defeat jurisdiction. *Hedberg v. State Farm Mutual Automobile Insurance Co.*, 350 F.2d 924, 929 (8th Cir. 1965). Where a plaintiff's complaint does not request more than the jurisdictional minimum on its face, the defendant has the burden to produce evidence establishing beyond a preponderance that the claim is for more than the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir.1995); *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir.1993). This same burden is placed on a plaintiff who alleges damages in excess of the jurisdictional minimum and has the allegation challenged by the defendant. *State of Missouri v. Western Surety Co.*, 51 F.3d 170 (8th Cir.1995). The plaintiff in such a case must prove by a preponderance of the evidence that it is not legally certain that the claim is worth less than the jurisdictional minimum. *Id.*

Plaintiffs have sued for $29,000 in money damages. On removal, Defendant's burden is to show that an amount in excess of $21,000 in other relief is also in controversy, so that the total amount in controversy is more than $50,000. Defendant has offered

the affidavit of William Porter, Assistant Manager of Engineering for Burlington Northern Railroad Company, as proof of the costs involved in building the culvert. William Porter estimates the direct costs of building total $34,566.[1] When added to the $29,000 in money damages, the $50,000 jurisdictional amount would be met. The plaintiffs rely on an affidavit of Glenn J. Olson, the City Engineer for the City of Devils Lake, who estimates the cost of building the culvert "to be no greater than $10,000.00 and possibly less." If the court accepts the plaintiffs' estimate of $10,000 in addition to the $29,000 cash request, jurisdiction would fail. A hearing was held on June 13, 1995, at which both Porter and Olson testified. Their testimony was consistent with their earlier affidavits, although Olson revised his estimate downward to $30,000. The court received in evidence the Railroad's most recent estimate of its costs. The estimate is $30,000 for materials and labor.

When the burden rests upon the plaintiff to prove jurisdiction, plaintiff is allowed to proceed if it appears the amount claimed is made in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The same should be true for the defendant's allegations of its costs to satisfy a requested equitable relief. If it is not legally certain that the estimate of the costs are exaggerated, they should be accepted for the purpose of determining amount in controversy. *Cf. Nickel v. Jackson,* 380 F.Supp. 1389 (W.D.Okla.1974) (applying *St. Paul Mercury* in a removal context). Plaintiff has not shown to a legal certainty that the railroad's estimates are exaggerated, and there are no other indications of a lack of good faith on the part of the defendant. Therefore, on the jurisdiction issue, the court accepts the railroad's contention that the culvert construction would cost at least $30,000.

However, this does not end the inquiry. There is a split of authority as to whether the cost to the defendant is a relevant consideration for jurisdictional "amount in controversy."[2] Three lines of cases have developed. The first looks only to the plaintiff and ignores the defendant altogether.[3] This line of decisions follows that which is appropriately called the "plaintiff's viewpoint" rule. Under that rule, an equitable remedy will still have a value to the plaintiff, but it may differ from the cost to the defendant. The court would attempt to place a dollar value on the plaintiff's benefit resulting from the defendant's burden.

---

1. Porter's affidavit (Doc # 14) states in part:

    a. Culvert installation costing approximately twelve thousand, five hundred sixty six dollars ($12,566.00). This estimate is based upon a similar installation near Grand Harbor, North Dakota.... However, the [budget for that project] does not include additional cost for drilling around the gas pipeline in place at the Church's Ferry site that was not on the Grand Harbor site;

    b. Right-of-way ditching, building a water inlet control structure, and de-watering the area south of the railroad tracks, and between the tracts and the north lane of Highway 2, together with equipment rentals, estimated at eleven thousand dollars ($11,000.00);

    c. The cost of building an access road into the site from the nearest township road for transportation of heavy equipment used for de-watering pumps and the culvert boring, estimated at ten thousand dollars ($10,000); ...
    This affidavit also lists costs that the defendant may incur, but that do not appear to the court to be directly related to the culvert's construction. In particular, defendant claims that building the first culvert would make the construction of an-

other culvert one half mile to the east necessary. The construction of a second culvert, though quite possibly necessary if the plaintiff's relief is granted, is not specifically requested by the plaintiff, and therefore may be a collateral cost to the defendant. "[A] court cannot look to the collateral effect of a judgment on matters not directly involved in the suit in issue in determining the amount in controversy." *Reilly Tar & Chemical Corp. v. Burlington Northern Railroad Co.,* 589 F.Supp. 275 (D.Minn.1984). Because the alleged direct costs (items a. through c. above) exceed the jurisdictional dollar value, the court need not address an issue as to whether the additional costs are included in the calculation.

2. See *McCarty v. Amoco Pipeline Co.,* 595 F.2d 389 (1979), for a discussion of the methods used and the policy behind each. *See also,* Charles Alan Wright, *The Law of Federal Courts* 190–193 (1983); 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3703 (1985).

3. See *Kheel v. Port of New York Authority,* 457 F.2d 46 (2d Cir.), *cert. denied,* 409 U.S. 983, 93 S.Ct. 324, 34 L.Ed.2d 248 (1972).

A second line of cases considers the amount in controversy to be the value as seen from the standpoint of the party seeking jurisdiction.[4] In the case of a complaint filed in federal court, the court considers jurisdiction from the plaintiff's viewpoint, and in the case of a removal, the court considers jurisdiction from the defendant's viewpoint. This test has the advantage of looking at the amount in controversy from the viewpoint of the party that has the burden of proof on jurisdiction. The party with the burden is more likely to have access to the proof necessary to prove the court has jurisdiction to consider the party's claim.

There is also a growing number of courts that follow a rule that looks at "either viewpoint."[5] Regardless of which party is seeking to have the case in federal court, the court in evaluating the amount in controversy can look to the cost or benefit to either party. Perhaps the strongest argument for this rule is it best serves the purpose of an amount in controversy requirement: It keeps small diversity cases out of federal court, but allows larger cases to proceed.[6]

Plaintiff has cited cases in the Eighth Circuit that at first reading seem to support the "plaintiff's viewpoint" rule exclusively, but there is language in the cases that would support a more balanced standard. Furthermore, those cases have not directly addressed the question of evaluating equitable relief in the removal context. *See Hedberg v. State Farm Mutual Automobile Insurance Co.*, 350 F.2d 924 (8th Cir.1965); *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8th Cir.1969); *Massachusetts State Pharmaceutical Ass'n v. Federal Prescription Service, Inc.*, 431 F.2d 130 (8th Cir.1970); and *Burns v. Massachusetts Mutual Life Ins. Co.*, 820 F.2d 246 (8th Cir.1987). It appears the Western District of Missouri and the Eastern District of Arkansas are the only courts in the Eighth Circuit to have addressed the problem now before the court in

this case. See *Solna, Inc. v. American Printing Equipment, Inc.*, No. 89–0715–CV–W–5 (W.D.Mo.1989) (unpublished in F.Supp., available at 1989 WL 325976) and *Inman v. Milwhite Co.*, 261 F.Supp. 703 (E.D.Ark. 1966). These courts followed the "party asserting jurisdiction" rule.

In *Hedberg v. State Farm Mutual Automobile Ins. Co.*, 350 F.2d 924 (8th Cir.1965), the plaintiffs were related insurance companies that were attempting to enforce a "no compete" clause in their employment contracts with an agent. The contracts limited the agent's right to sell other insurance after the employment relationship was terminated. *Id.* at 927–928. The companies brought the case originally in federal court and therefore carried the burden of proof. *Id.* at 929. The companies sought money damages for breach of contract as well as an injunction prohibiting violations of the restrictive covenant and replevin of business property. The court held that the agent's prior sales supported a conclusion that the suit to prohibit the agent from selling insurance was worth more than $10,000 to the plaintiff. *Id.* at 930. The court did not reach the question of whether the value to the defendant was relevant, but there is language in Judge Blackmun's opinion suggesting the defendant's value could also be used. *Id.* at 928. The case is not directly on point, because there is no real question that a plaintiff's allegation of an amount in controversy will be accepted if it is made in good faith and not incorrect to a legal certainty. *St. Paul Mercury, supra.* The case did not provide a specific standard that a defendant would have to meet in an attempt to remove a case to federal court.

Judge Blackmun's language in *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8th Cir.1969), in support of considering defendant's costs in a removal context, clarifies the issue:

[The defendant viewpoint rule], we feel, is particularly appropriate where the values

---

**4.** *See Family Motor Inn, Inc. v. L–K Enterprises Div., Consolidated Foods Corp.*, 369 F.Supp. 766 (D.Ky.1973).

**5.** *See Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir.1940); *Electronic Transaction Network v. Katz*, 734 F.Supp. 492 (N.D.Ga.1989).

**6.** 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3703 (1985)(arguing the "either party rule" rule is the most desirable of the three).

to the parties are not the same and where the defendant has removed the action. In that context Judge Phillips has said that 'the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.' *Ronzio v. Denver and R.G.W.R.R.*, 116 F.2d 604, 606 (10 Cir. 1940).

Although this court often has spoken routinely in terms of the plaintiff's viewpoint, or of the value of the right which the plaintiff seeks to protect, see, for example, *Federated Mut. Implement & Hardware Ins. Co. v. Steinheider*, 268 F.2d 734, 767–738 (8 Cir.1959), and *Bishop Clarkson Memorial Hosp. v. Reserve Life Ins. Co.*, 350 F.2d 1006, 1008 (8 Cir.1965), we, too, have recognized the possibility of utilizing the defendant's risk as a measure of federal jurisdiction.

> "[I]t is the amount or value of that which the complainant claims to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the jurisdictional sum or value of the matter in dispute, which tests the jurisdiction * * *." *Cowell v. City Water Supply Co.*, 121 F. 53, 57 (8 Cir.1903).

*Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 815 (8th Cir.1969). The plaintiff, Mrs. Hatridge, claimed $9,999 in her suit for loss of consortium and her husband claimed damages in excess of the jurisdictional minimum in a separate suit for personal injuries. The court held the two claims were sufficiently intertwined such that the plaintiffs could not separate them in an effort to forum shop. *Id.* at 816. After the claims were united, it was clear that Mrs. Hatridge's claim was for more than the jurisdictional minimum and therefore jurisdiction was proper.

Though the *Hatridge* court showed obvious approval for the "defendant's viewpoint rule" in a removal context, it could not make use of the doctrine in that case. The direct cost to the defendant was only $9,999 from Mrs. Hatridge's claim. Only after the two claims were merged could the cost to the defendant, or the benefit to the plaintiff be considered over $10,000. *Hatridge* at 815.

*Massachusetts State Pharmaceutical Assoc. v. Federal Prescription Service*, 431 F.2d 130 (8th Cir.1970), raises another point which is made quite frequently in amount in controversy cases. After *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), multiple plaintiffs cannot aggregate their claims to reach the jurisdictional minimum. If there are many small claims by many plaintiffs, they cannot add their claims to surmount the jurisdictional minimum. In *Mass. State Pharmaceutical Assoc.*, thousands of pharmacists were attempting to recover damages from a pharmaceutical company they claimed was involved in illegal activity. The plaintiffs were not able to prove that any one of them lost more than about $50, and therefore they individually did not reach the jurisdictional amount. The court applied *Snyder* in holding that the plaintiffs had not established the jurisdictional minimum. *Mass. State Pharmaceutical Assoc.* at 132. The court concluded that it could not look to the defendant's substantial possible loss to find jurisdiction, because to do so would squarely contradict *Snyder's* holding that multiple plaintiffs' claims cannot be aggregated. *Id* at 132 n. 1. In the end, *Mass. State Pharmaceutical Assoc.* is not controlling for the case at bar, because the case did not involve a removal and because the class action situation presents different considerations. *See also, Burns v. Massachusetts Mutual Life Ins. Co.*, 820 F.2d 246 (8th Cir.1987) (plaintiff not allowed to aggregate claims with other plaintiffs to maintain federal diversity jurisdiction where the individual plaintiffs do not meet the jurisdictional minimum).

There appear to be only two cases in the Eighth Circuit on point. *See Solna, Inc. v. American Printing Equipment, Inc.*, No. 89–0715–CV–W–5 (W.D.Mo.1989) (unpublished in F.Supp., available at 1989 WL 325976) (no subsequent history) and *Inman v. Milwhite Co.*, 261 F.Supp. 703 (E.D.Ark.1966). The plaintiff in *Solna* sought $33,208.41. The defendant offered an affidavit that the relief would cost them $800,000. The court recognized that the amount in controversy is usu-

ally viewed from the plaintiff's standpoint, but stated there were courts which used the defendant's standpoint and that under the particular circumstances, the defendant's standpoint was more appropriate. *Id* at \*3. The *Inman* court wrote that, "when what a plaintiff stands to gain and what a defendant stands to lose are unequal, and where federal jurisdiction is invoked by the party standing to gain or lose more than his adversary, the greater gain or the greater loss should be applied as the criterion of jurisdictional amount." *Inman* at 708.

 This court agrees with the Missouri and Arkansas district courts and holds that it is proper to consider the cost to a defendant in determining the amount in controversy on removal. The "plaintiff's viewpoint" is not the best rule in the removal situation where the plaintiff's damages are not of a sum certain. A removal generally comes early in litigation, well before meaningful discovery has taken place, and the defendant bears the burden of establishing the amount in controversy. If the plaintiff's standpoint is used, the defendant is forced to prove the value of the controversy to the plaintiff, without the aid of any discovery. The defendant is far more likely to have access to the proof necessary to prove his own potential costs at that stage in the litigation. Allowing the court to consider the cost to a defendant will often simplify the proof involved as well. It will usually be more convenient for the defendant to prove costs imposed on it compared to the benefit gained by the plaintiff. For instance, in the case at bar, Defendant can more easily estimate the cost to build a culvert than the increase in value of Plaintiff's property as a result of the water outlet provided by the culvert. To prove the former, Defendant need simply get a estimate from the contractor who will perform the work. To prove the latter, Defendant would be forced to engage in a highly speculative comparison of hypothetical land estimates. Finally, the purpose of the amount in controversy is to lower the caseload of the federal courts by excluding small cases. However, a case is not insignificant when a defendant has the potential to expend more than $50,000, on a gain to the plaintiff, the extent of which is unknown.

The court holds it is proper to consider Defendant's $30,000 estimated expense in building a culvert under its railroad, and because the potential relief is more than $50,000 when Plaintiffs' cash request of $29,000 is added to the equitable relief, the court holds the amount in controversy requirement has been met and that this court has jurisdiction over the case.

Plaintiffs' motion to remand (Doc # 10) is DENIED.