Guy H. TAFT

v.

### BURLINGTON NORTHERN RAILROAD CORPORATION.

No. 4–96–CV–410.

United States District Court,
D. Minnesota,
Fourth Division.

May 20, 1996.

---

Robert T. Dolan, Mark John Odegard, Yaeger Jungbauer Barczak & Roe, Minneapolis, MN, for plaintiff.

Susan Diane Thurmer, Alfonse Joseph Cocchiarella, Spence Ricke & Thurmer, St. Paul, MN, for defendant.

## ORDER

ROSENBAUM, District Judge.

Plaintiff moves to remand, pursuant to 28 U.S.C. § 1447(c). The Court heard oral argument by telephone on May 17, 1996.

### I. *Background*

Plaintiff, Guy Taft, is a railroad engineer employed by defendant, Burlington Northern Railroad Corporation. According to the pleadings, plaintiff was working at defendant's Edgemont, South Dakota, depot on April 23, 1996. Plaintiff claims that on that date, he slipped and injured his right knee. Thereafter, defendant directed him to appear at an investigation into his injury. The investigation is currently set for May 21, 1996.

On May 9, 1996, plaintiff filed a negligence claim in Hennepin County, seeking relief pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60, and a motion for a temporary restraining order to prevent defendant from conducting its investigation in the absence of plaintiff's counsel. On May 13, 1996, defendant removed the action to this Court, pursuant to 28 U.S.C. § 1441, alleging federal question jurisdiction,

pursuant to 28 U.S.C. § 1331. Plaintiff contends the matter must be remanded, arguing FELA actions are nonremovable.

## II. *Discussion*

Federal removal statutes provide that FELA actions filed in state court are nonremovable. 28 U.S.C. § 1445(a). Defendant contends, however, that § 1445(a) is inapplicable here. It is defendant's position that plaintiff's union contract and work rules provide for the investigation it has demanded. As such, according to the defendant, the injunction plaintiff seeks runs afoul of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.* Defendant alleges this constitutes a federal question and allows removal of the action. Defendant's argument is unpersuasive.

First, the Court determines that defendant may not remove this matter based on a defense of preemption. Whether a defendant may remove a case based on federal question jurisdiction is determined by the "well-pleaded complaint" rule. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). This rule permits removal only when a cause of action involves a right created by federal law which is reflected on the face of plaintiff's complaint. *Deford v. Soo Line R.R. Co.,* 867 F.2d 1080, 1084 (8th Cir.), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989). "[A] defense of federal law, including the defense of federal preemption, is traditionally not a basis for removal." *Id.*

The Supreme Court has crafted the "complete preemption doctrine" as an exception to this rule. *Id.; see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). When "Congress so completely preempt[s] a particular area," its preemption may convert a state law claim into a federal claim for purposes of the well-pleaded complaint rule. In such a case, the defense of federal preemption may provide a basis for removal. *Metropolitan Life Ins. Co.,* 481 U.S. at 63, 107 S.Ct. at 1546; *Deford,* 867 F.2d at 1084.

Further, even where it appears a plaintiff's complaint exclusively sets forth state law claims, removal may be proper under the "artful pleading" doctrine. This doctrine permits courts to examine whether a plaintiff has "attempted to avoid removal jurisdiction by 'artful[ly]' casting [its] 'essentially federal law claims' as state-law claims." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). The Court finds that neither the complete preemption nor the artful pleading doctrine is available to the defendant.

Here, plaintiff's complaint reflects only a claim for personal injury under FELA; no federal question exists on its face. Further, it is clear that the complete preemption doctrine does not apply. The defendant has not asserted, nor could it, that the RLA completely preempts FELA. *See Atchison, Topeka & Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987) (stating that the RLA does not preempt claims of employer or co-employee negligence brought under FELA). In addition, the Court determines that plaintiff has not improperly cast his claim as one arising under FELA. The plaintiff claims he was injured while working for the defendant railroad. FELA clearly governs personal injury claims brought by railroad employees. *See* 45 U.S.C. §§ 51, 56. In claims involving injuries to railroad employees, a FELA case filed in state court does not constitute an artful pleading. As such, no basis for removal exists based on plaintiff's complaint.

Second, the Court finds that plaintiff's attempt to enjoin defendant's investigation of his injury does not constitute a removable separate and independent claim. Pursuant to 28 U.S.C. § 1441(c), when a removable separate and independent claim is joined with a nonremovable claim, the entire action may be removed. Generally, however, "a claim is not 'separate and independent' if it arises from the same loss or actionable wrong." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14–16, 71 S.Ct. 534, 540–41, 95 L.Ed. 702 (1951). Here, the Court finds that plaintiff's claim for injunctive relief

arises entirely in relation to his FELA action. Thus, it is not a separate and independent claim sufficient to invoke this Court's jurisdiction.

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

Plaintiff's motion to remand is granted. This matter is remanded to the Hennepin County District Court, Fourth Judicial District.